# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMADO HARO and ROCHELLE ORTEGA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WALMART, INC.,<br><br>Defendant.<br>_____/ | Case No. 1:21-cv-00239-ADA-SKO<br><br>**ORDER VACATING HEARING, GRANTING DEFENDANT'S MOTION TO COMPEL, AND MODIFYING CASE SCHEDULE**<br><br>(Doc. 47) |

## I.   INTRODUCTION

On September 21, 2022, Defendant Walmart, Inc. ("Walmart") filed a motion to compel the depositions of seven of the 13 individuals who submitted declarations in support of Plaintiffs' pending motions for class certification and for conditional certification (the "Motion"). (Doc. 47.) The parties filed their "Joint Statement re Discovery Disagreement" directed to the Motion, as required by this Court's Local Rule 251, on September 28, 2022 (the "Joint Statement"). (Doc. 50.) The Court has reviewed the parties' papers and all supporting material and finds the matter suitable for decision without oral argument. The hearing set for October 12, 2022, will therefore be vacated.

Having considered the Motion, Joint Statement, and supporting exhibits, and for the reasons set forth below, the Motion will be granted.

///

## II. BACKGROUND

**A.   Factual Background**

In this action, Plaintiffs, individually and on behalf of all others similarly situated, allege that Walmart implemented an unlawful policy requiring its non-exempt workers to undergo a COVID-19 screening each shift without pay. (Doc. 1 at ¶ 1.) Specifically, Plaintiffs contend that the COVID-19 screening constitutes a physical and medical examination that is compensable time under both the Fair Labor Standards Act ("FLSA") and the California Labor Code, and that, by failing to pay for all of the time in the COVID-19 screenings spent by Plaintiffs and the putative class and collective members, Walmart has violated California and federal law. (*Id*. at ¶¶ 2–3.) Plaintiffs seek compensation for the time that was worked but not paid, overtime wages, liquidated damages, statutory penalties for improper wage statements, attorney' fees, costs, and interest. (*Id*. at 21.)

**B.   Procedural Background**

This class and collective action commenced in February 2021. (Doc. 1.) Prior to the Scheduling Conference, which occurred on May 18, 2021, the parties filed a Joint Scheduling Report, in which they stated under "Subjects on which discovery may be needed": "Prior to class certification, Walmart may also take discovery from putative class members, and in particular, from putative class member [sic] who might provide testimony in support of Plaintiffs' motion for class certification." (*See* Doc. 17 at 5.)

On May 19, 2021, following the Scheduling Conference, the Court issued a Scheduling Order setting forth class certification discovery and class certification motion briefing deadlines. (*See* Doc. 20.) After multiple stipulated enlargements of time (*see* Docs. 23, 25, 27, & 37), the Court ultimately continued the deadline for completion of class certification discovery to May 19, 2022, the class certification motion deadline to August 15, 2022, and the opposition deadline to October 14, 2022. (*See* Docs. 25 & 39.)

Plaintiffs filed their class certification and collective action motions on August 15, 2022. (Docs. 41 & 43.) In support of the motions, Plaintiffs submitted declarations from thirteen current or former employees of Walmart. (*See* Docs. 42-9, 42-10, 42-11, 42-12, 42-13, 42-14, 42-15, 42-

16, 42-17, 42-18, 42-19, 42-20, 42-21.) Beginning on August 22, 2022, defense counsel began conferring with Plaintiffs' counsel in an effort to secure the depositions of all thirteen declarants. (See Doc. 47-1 at 10–21.) On September 6, 2022, after conferring with Plaintiffs' counsel, who represented they would not agree to the depositions, defense counsel proposed a "compromise" to depose no more than seven of the 13 declarants via the Zoom application, to limit the depositions to no more than three hours of examination, and to produce "time, pay, and screening records" in advance of each declarant's deposition. (*Id*. at 9–10.) Plaintiffs' counsel rejected Walmart's proposal, and, on September 13, 2022, having declared the parties at an "impasse," defense counsel solicited Plaintiffs' input in the joint statement directed to Walmart's anticipated motion to compel. (*See id*. at 5.) On September 21, 2022, defense counsel once again emailed Plaintiffs' counsel to request their contribution to the joint statement. (*See id*.)

Later that same day, Walmart filed the present Motion and noticed it for hearing seven days later, on September 28, 2022. (*See* Doc. 47.) On September 22, 2022, the Court observed that the hearing date for the Motion did not comport with the applicable Local Rules, and re-set the hearing on the Motion for October 12, 2022. (*See* Doc. 48.) The Court also directed the parties to "meet and confer about the discovery dispute by speaking with each other in person, over the telephone, or via video conferencing, and file their Joint Statement re Discovery Disagreement by no later than 14 days before the hearing date." (*Id*.) The parties timely filed their Joint Statement on September 28, 2022. (Doc. 50.)

### III.   LEGAL STANDARD

As the Ninth Circuit stated in *Vinole v. Countrywide Home Loans, Inc*., 571 F.3d 935 (9th Cir. 2009):

> District courts have broad discretion to control the class certification process, and "[w]hether or not discovery will be permitted . . . lies within the sound discretion of the trial court." *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 209 (9th Cir. 1975); *accord Armstrong v. Davis*, 275 F.3d 849, 871 n.28 (9th Cir. 2001). Although a party seeking class certification is not always entitled to discovery on the class certification issue, we have stated that "[t]he propriety of a class action cannot be determined in some cases without discovery," *Kamm*, 509 F.2d at 210, and that "the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action was maintainable." *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir.

3

1977) (holding, however, that class certification was properly denied without discovery where plaintiffs could not make a prima facie showing of Rule 23's prerequisites or that discovery measures were "likely to produce persuasive information substantiating the class action allegations"); *accord Mantolete v. Bolger*, 767 F.2d 1416, 1424–25 (9th Cir. 1985). Our cases stand for the unremarkable proposition that often the pleadings alone will not resolve the question of class certification and that some discovery will be warranted.

*Id*. at 942.

## IV.     ANALYSIS

As a preliminary matter, Plaintiffs contend the Motion is untimely because Walmart has "known of the identities of each of the Opt-In Plaintiffs for over one year," yet waited until four months after the close of class certification discovery to seek to depose those individuals. (See Doc. 50 at 18–19.) Walmart does not dispute that Plaintiffs disclosed the names of those who opted-into the lawsuit, which would include the declarants, as early as April 2021. (*See id.* at 11.) However, that disclosure included over 100 individuals. (*See id*.)  It does not appear that as part of that disclosure—or at any other time prior to the filing their motions for class and collective certification—Plaintiffs specified from which individuals they intended to offer declarations in support of the motions.  Instead, it appears that Walmart learned of the identities of the 13 declarants for the first time on August 15, 2021, the day Plaintiffs filed their motions.  Thus, Walmart was not on notice of the identities of the declarants during the class certification discovery period, or even prior to the filing of the class and collective certification motions.  One week after the motions were filed, Walmart requested to depose the declarants.  (Doc. 47-1 at 10–21.)  After exchanging several emails with Plaintiffs' counsel regarding the dispute, Walmart ultimately declared an "impasse" on September 8, 2022.  (Doc. 47-1 at 9–10.)  Defense counsel transmitted the draft joint statement to Plaintiffs' counsel for input on September 13, 2022, followed up eight days later on September 21, 2022, and filed the Motion later that same day.  (Doc. 47-1 at 5.)  The Court cannot conclude, based on this chronology, the Motion is untimely.[1]

Plaintiffs also assert the Motion is "defective" because Walmart has not issued deposition

---

[1] The Court notes that, in contrast to the case authority on which Plaintiffs rely, the Scheduling Order in this case is silent with regard to discovery motions that are brought after the deadline for completion of fact discovery.  (*See* Doc. 50 at 18 (citing *Kizzee v. Walmart, Inc*., No. CV10-0802-PHX-DGC, 2011 WL 3566881, at *1 (D. Ariz. Aug. 15, 2011) (denying motion to compel where the court's case management order stated that "[a]bsent extraordinary circumstances, the Court will not entertain fact discovery disputes after the deadline for completion of fact discovery[.]").)

notices for the declarants it wishes to depose. (Doc. 50 at ) The Court disagrees with Plaintiffs' characterization, but does observe that a "motion to compel depositions" is not the correct procedural mechanism where no depositions have yet been noticed. Instead, the Motion should properly be characterized as one to modify the scheduling order under Federal Rule of Civil Procedure 16, as argued by Plaintiffs, or a motion to re-open discovery under Federal Rule of Civil Procedure 6(b)(1)(B). Either way, the Court is guided by the good cause standard. *Compare Hartman v. United Bank Card, Inc.*, 291 F.R.D. 591, 595 (W.D. Wash. 2013) (considering a motion to re-open class discovery under Rule 6(b)(1)(B)) *with Woodard v. City of Menlo Park*, No. C 09-3331 SBA, 2012 WL 2119278, at *1 (N.D. Cal. June 11, 2012) (considering a motion to re-open discovery under Rule 16).

Rule 6(b)(1)(B) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time ... on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). In exercising its discretion to determine whether a litigant has established excusable neglect under Rule 6(b)(1)(B), the court considers four factors: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Rule 6(b)(1), "like all the Federal Rules of Civil Procedure, '[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits.'" *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258-59 (9th Cir. 2010) (quoting *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983)).

Similarly, Rule 16(b)(1) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(1). Under Rule 16(b)(1), the Court must consider the diligence of the party seeking amendment of the scheduling order, and may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citations omitted). Under this standard, "[a]lthough the existence or degree of prejudice to the party opposing

the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id*.

Here, the Court finds good cause to permit Walmart to take the depositions of seven of Plaintiffs' declarants before their opposition to Plaintiffs' class and collective certification motions is due. While generally courts do not permit discovery from absent class members, the policies related to absent class members is "flexible," where, as here, the proposed deponents have "injected" themselves into the litigation by signing declarations in support of Plaintiffs' motions. *See Rojas v. Marko Zaninovich, Inc.*, No. 1:09-CV-00705-AWI-JLT, 2011 WL 2636071, at *4 (E.D. Cal. July 5, 2011) (permitting defendants to depose four absent class members who submitted declarations in support of motion for class certification); *Burgess v. Tesoro Ref. & Mktg. Co*., No. CV105870 VBF PLAx, 2011 WL 13217362, at *1 (C.D. Cal. July 5, 2011) (noting that defendants would be taking depositions of four absent class members who submitted declarations in support of class certification, but denying their request to depose two additional absent class members who did not submit such declarations). *See also Aldapa v. Fowler Packing Co., Inc*., No. 1:15-cv-00420-DAD-SAB, 2019 WL 2635947, at *5 (E.D. Cal. June 27, 2019) (acknowledging that many courts have permitted defendants to depose absent class members who, either by submitting declarations in support of the motion for class certification or in other ways, have "injected" themselves into class action litigation).

Moreover, permitting the depositions will enable the Court to engage in the required rigorous analysis to determine whether Plaintiffs have met the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See Ellis v. Costco Wholesale Corp*., 657 F.3d 970, 980 (9th Cir. 2011) ("The United States Supreme Court requires district courts to engage in a 'rigorous analysis' of each Rule 23(a) factor when determining whether plaintiffs seeking class certification have met the requirements of Rule 23."); *see also Vinole*, 571 F.3d at 942 ("[T]he better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action was maintainable.") (citing *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977) ); *In re Am. Medical Sys., Inc*., 75 F.3d 1069, 1086 (6th Cir. 1996) ("The court should defer decision on certification pending discovery if the existing record is inadequate for

resolving the relevant issues."). The same is true for conditional certification under the FLSA. *See Wellens v. Daiichi Sankyo Inc.,* No. C-13-00581 DMR, 2014 WL 1422979, at *3 (N.D. Cal. Apr. 11, 2014) (noting that courts within this Circuit "have permitted discovery by the defendant, including discovery regarding opt-in plaintiffs, prior to conditional class certification" under the FLSA) (collecting cases). *Accord Scott v. Bimbo Bakeries, USA, Inc*., No. CV 10-3154, 2011 WL 13227686, at *1 (E.D. Pa. Apr. 12, 2011) (permitting defendants to perform limited discovery on the issue of whether conditional certification was appropriate, including depositions of opt-in plaintiffs); *Green v. Harbor Freight Tools USA, Inc*., No. 09-2380-JAR, 2010 WL 686263, at *2 (D. Kan. Feb. 23, 2010) (observing that "caselaw . . . seems to support permitting defendant to engage in the requested discovery so that it may at least test the veracity of plaintiffs' mere allegation that they are similarly situated victims of a common decision, policy, or plan.").

Although Plaintiffs contend otherwise, Walmart was diligent in seeking to depose Plaintiffs' declarants. As detailed above, Walmart learned of the identities of the 13 declarants for the first time on August 15, 2021, the day Plaintiffs filed their motions. Walmart promptly sought to take the depositions of those declarants, and, after several emails with Plaintiffs' counsel regarding the dispute, ultimately declared an "impasse" and distributed a draft joint statement to Plaintiffs' counsel for input five days later, on September 13, 2022. (Doc. 47-1 at 5, 9–21) Eight days later, Walmart filed the present Motion. Therefore, Plaintiffs' argument that Defendant was not diligent about pursuing depositions is not persuasive.

The Court further finds Plaintiffs will not be prejudiced by the Court re-opening class discovery to allow Walmart time to depose seven of Plaintiffs' declarants. The depositions are limited in number, time and scope and will be conducted over the Zoom application, so they will not require a lengthy continuance of the class certification opposition and reply deadlines (which have not yet passed).[2] Moreover, this is the first continuance of the class certification discovery

---

[2] The Court observes that, contrary to Plaintiffs' argument, permitting Walmart to depose seven declarants will not exceed the 10-deposition limit set forth in Fed. R. Civ. P. 30, as expert depositions do not count toward the limit. *See Nosrati v. Provident Life & Accident Ins. Co*., No. CV 17-5159-TJH (KSX), 2020 WL 1181497, at *4 (C.D. Cal. Mar. 10, 2020) ("Courts in this Circuit have declined to include expert deposition in the presumptive limit because these witnesses' opinions cannot be discovered from other sources; thus, the discovery is neither duplicative nor unreasonably cumulative.") (collecting cases).

deadline and briefing schedule made at Walmart's request, having been enlarged on *four* prior occasions to permit Plaintiffs additional time to complete discovery.[3] (*See* Docs. 22, 23, 24, 25, 26, 27, 38, & 39.) Finally, Plaintiffs were put on notice as early as the filing of the parties' joint scheduling report in May 2021 that Walmart intended to take discovery from putative class members "who might provide testimony in support of Plaintiffs' motion for class certification." (*See* Doc. 17 at 5.)

### V. CONCLUSION AND ORDER

For the reasons stated above, Defendant Walmart, Inc.'s motion to compel depositions of Plaintiffs' declarants (Doc. 47) is GRANTED. It is hereby ORDERED that:

1. The hearing on the motion, set for October 12, 2022, is VACATED;

2. Walmart is permitted to conduct seven (7) depositions of the putative class members who have submitted declarations in support of Plaintiffs' class certification and collective action motions. (*See* Docs. 42-9, 42-10, 42-11, 42-12, 42-13, 42-14, 42-15, 42-16, 42-17, 42-18, 42-19, 42-20, 42-21.);

3. Walmart shall identify the seven deponents no later than October 12, 2022, and the parties shall meet and confer to work out a schedule for these depositions, to be conducted using the Zoom application;

4. At a reasonable time prior to the deposition, Walmart shall produce the deponent's "time records, screening records, and pay records," as previously proposed by Walmart (*see* Doc. 47 at 10);

5. Walmart is limited to three hours for each deposition of the seven deponents;

6. All depositions must be completed no later than November 14, 2022;

7. The current case schedule (Doc. 39) is MODIFIED as follows:

    a. Walmart's opposition to Plaintiffs' class certification and collective action

---

[3] Plaintiffs further assert the Motion is improper because Walmart refused to produce certain documents during the class discovery period. To the extent Plaintiffs request Walmart be required to produce additional discovery, this request is not before the Court. It is also not clear that such request has been the subject of the parties' telephonic meet and confer efforts, as opposed to solely email correspondence. (*See, e.g.*, Doc. 47-1 at 7–8.) The parties are reminded that both Local Rule 251 and the undersigned's informal discovery dispute resolution protocol require the parties ***speak with each other*** about any discovery dispute, either in person, over the telephone, or through videoconferencing, in a good faith effort to resolve their differences prior to seeking court intervention.

motions shall be filed by no later than December 14, 2022;

b. Any reply brief in support of the motions shall be filed by no later than January 11, 2023;

c. The motion for class certification shall be heard on February 22, 2023; and

d. A further conference to set further scheduling dates is set for August 3, 2023, at 9:30 A.M., before Magistrate Judge Sheila K. Oberto.

IT IS SO ORDERED.

Dated:   **October 6, 2022**                         /s/ *Sheila K. Oberto*
                                                                      UNITED STATES MAGISTRATE JUDGE