UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMADO HARO and ROCHELLE ORTEGA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WALMART, INC.,<br><br>Defendant. | No. 1:21-cv-00239-ADA-SKO<br><br>**FINDINGS AND RECOMMENDATION THAT PLAINIFFS' MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL BE GRANTED**<br><br>**(Doc. 72)** |

## I.   INTRODUCTION

Before the Court is the unopposed motion of Plaintiffs Amado Haro and Rochelle Ortega ("Plaintiffs") for appointment of interim class counsel under Federal Rule of Civil Procedure 23(g). (Doc. 72.)  For the reasons set forth below, the undersigned RECOMMENDS that Plaintiffs' motion be GRANTED.

## II.   BACKGROUND

On February 23, 2021, Plaintiffs filed this class and collective action, individually and on behalf of all others similarly situated, alleging that Walmart implemented an unlawful policy requiring its non-exempt, hourly workers to undergo COVID-19 screenings prior to clocking in

1

for their shifts without overtime pay. (Doc. 1 at ¶ 1.) Plaintiffs assert these COVID-19 screenings constitute physical and medical examinations that are compensable time under both the Fair Labor Standards Act and the California Labor Code, and that, by failing to pay overtime wages for time spent in the screenings, Walmart violated California and federal law. (*Id.* at ¶¶ 1–3.)

Plaintiffs filed their class and collective certification motions on August 15, 2022. (Docs. 41 & 43.) Pursuant to a stipulation between the parties, Plaintiffs' reply brief in support of their motion for class certification is due on March 31, 2023, and the motion as well as related discovery motions are set for hearing before the undersigned on May 31, 2023. (*See* Doc. 71.)

Plaintiffs filed their motion for appointment of interim counsel on January 18, 2023. (Doc. 72.) Defendant Walmart, Inc. ("Walmart") does not oppose Plaintiffs' request. (*See* Doc. 83.) The hearing set on February 22, 2023, on the instant motion (Doc. 72), along with Plaintiffs' motion for conditional certification of collective action (Doc. 41), proposed collective action notice plan (Doc. 44), and motion to strike employee declarations submitted by Walmart (Doc. 70), was vacated by the undersigned and the matter was taken under submission. (*See* Doc. 88.)

### III.  DISCUSSION

**A.  Legal Standard**

Rule 23(g)(3) authorizes courts to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Designation of interim counsel "'clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement.'" *Olosoni v. HRB Tax Grp., Inc.*, No. 19-cv-03610-SK, 2019 WL 7576680, at *5 (N.D. Cal. Nov. 5, 2019). In determining whether to appoint class counsel, the Court considers the following factors outlined in Rule 23(g)(1)(A): (i) "the work counsel has done in identifying or investigating potential claims in the action;" (ii) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;" (iii) "counsel's knowledge of the applicable law;" and (iv) "the resources that counsel will commit to representing the class." The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P.

23(g)(1)(B); *see also* Fed. R. Civ. P. 23(g)(4) (the duty of class counsel is "fairly and adequately represent the interests of the class.").

**B.     Analysis**

The undersigned has reviewed Plaintiffs' unopposed motion for appointment of interim class counsel and uncontested supporting documentation, including the declarations by Plaintiffs' three attorneys (*see* Doc. 72-1 ("Foty Decl"); Doc. 72-2 ("Hodges Decl."); Doc. 72-3 ("Hogg Decl.")), and finds that designation of Hodges & Foty, LLP as interim class counsel in this case is appropriate.

Rule 23 (g)(1) sets forth the factors for the Court's consideration in determining whether to appoint counsel. Turning to the first factor, the undersigned finds that Hodges & Foty, LLP has done significant work identifying and investigating the claims at issue here. *See, e.g., Razo v. AT&T Mobility Serv., LLC*, No. 1:20-cv-00172-NONE-HBK, 2021 WL 4847834, at *6 (E.D. Cal. Oct. 15, 2021); *Melgar v. Zicam, LLC*, No. 2:14–cv–00160–MCE–AC, 2014 WL 5486676, at *1 (E.D. Cal. Oct. 29, 2014).  This case was initiated in this Court about two years ago, and since then, Hodges & Foty, LLP has actively engaged in extensive discovery including the following: serving interrogatories, requests for production, and requests for admission; responding to written discovery requests by Walmart; taking the depositions of six of Walmart's managers; presenting the two named Plaintiffs for depositions; designating experts and submitting expert declarations; and deposing two of Walmart's retained experts.  (Foty Decl. at ¶ 15; Doc. 72 at 2.)  The firm also continues investigating the claims in this case by analyzing evidence produced by Walmart, such as COVID screening data, the clock-in data, and pay records.  (Foty Decl. at ¶ 15.)  About one and a half years after initiating this action, Hodges & Foty, LLP filed class and collective certification motions on behalf of Plaintiffs (Docs. 41 & 43) and attached a compendium of exhibits in support of their motions including declarations from their experts and numerous current or former Walmart employees from locations across the country (*see* Doc. 44).  As of last month, the parties were still engaged in the process of scheduling depositions of some of the experts and litigating a motion to strike the declaration of one expert.  (*See* Doc. 69 at 2–3; Doc. 72 at 13.)

As for the next two interrelated factors, counsel's experience and knowledge, it is

3

undisputed that Hodges & Foty, LLP has experience handling class actions, other complex litigation, and most importantly, the types of claims asserted in this litigation. (*See* Foty Decl. at ¶¶ 10–13.) The declarations also support the conclusion that counsel are knowledgeable of the law applicable to this case. *See, e.g., Razo*, 2021 WL 4847834, at *7; *Melgar*, 2014 WL 5486676, at *2 ("Given counsel's experience litigating not only high-stakes class actions, but also actions concerning allegations very similar to those before the Court here, Counsel has also demonstrated the requisite knowledge of the applicable law."). For example, over the past 15 years, Attorney Foty has obtained substantial experience litigating wage and hour matters, including claims for compensation for working off-the-clock, has served as class counsel in about 100 wage and hour class and collective actions in various states, and has recovered, through settlement or verdict, over $100,000,000 for his clients. (Foty Decl. at ¶¶ 3–4.) Before forming Hodges & Foty, LLP, Attorney Hodges served as lead counsel in hundreds of wage and hour cases, as well as complex litigation cases, and has tried more than 25 cases to verdict in court or arbitration. (Hodges Decl. at ¶ 5.) Similarly, Attorney Hogg described exclusively working on plaintiff's work in the class and collective action field for approximately the last six years, actively participating as plaintiff's counsel in many class and collective actions that have achieved significant and beneficial results for the class, and serving as plaintiff's lead counsel of record in the related action currently pending against Walmart in state court. (Hogg Decl. at ¶¶ 3–5.) And, it is apparent that Hodges & Foty, LLP has familiarity with COVID-19 screening claims in the class action context. (*See, e.g.*, Doc. 72 at 6–7 ("In addition to this case, Plaintiffs' Counsel is currently litigating six other class and/or collective actions seeking compensation for the time spent by workers in pre-shift COVID screenings.").)

Lastly, it is clear that Hodges & Foty, LLP is a well-established, reputable firm that is up to the task of handling the challenges of this litigation and is capable of committing the requisite resources to doing so. (*See* Foty Decl. at ¶ 14; Hodges Decl. at ¶ 7 (Hodges & Foty, LLP is "a firm devoted to wage and hour cases and complex litigation."); Doc. 72 at 17.) Counsel have invested significant time and resources gathering evidence and litigating on behalf of their clients in this case, and the work the firm has already completed will enable it to efficiently litigate this matter

throughout the remainder of the proceedings. *See, e.g., Razo*, 2021 WL 4847834, at *7; *Melgar*, 2014 WL 5486676, at *1–2.

Based on the foregoing, the undersigned recommends that Plaintiffs' motion for appointment of interim class counsel be granted and that Hodges & Foty, LLP be appointed as interim counsel for the putative class in this case. *See Razo*, 2021 WL 4847834, at *7; *see, e.g., Olosoni*, 2019 WL 7576680, at *6 (agreeing designation as interim lead counsel was appropriate given the firm's "work on the case so far, its expertise drawn from work on similar complex consumer class action cases, and its ability to continue representation in this case.").

### IV.    CONCLUSION

Accordingly, the undersigned RECOMMENDS that Plaintiffs' motion to appoint interim class counsel (Doc. 72), Hodges & Foty, LLP, be GRANTED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). **Within twenty-one (21) days after being served with these Findings and Recommendation**, any party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 24, 2023**              /s/ *Sheila K. Oberto*
                                                               UNITED STATES MAGISTRATE JUDGE

5